**WO**                                                                                                    RP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Robert Earl Kroncke, | ) | No. CV 07-1541-PHX-MHM (MEA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

Petitioner Robert Earl Kroncke, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1), an Application to Proceed *In Forma Pauperis*, and a "Motion For Appointment Of Counsel; Motion To Order Counsel To Communicate With Petitioner By Phone For Good Cause Shown" (Doc. #3).  The Court will grant the Application to Proceed *In Forma Pauperis*, deny the Motion for Counsel, and require an answer to the Petition.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.  See LRCiv 3.5(b).

**II.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 1994-092084-

**TERMPSREF**

A, of Auto Theft and was sentenced to a 5½-year term of imprisonment.  In his Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner presents 11 grounds for habeas corpus relief in which he alleges that his rights were violated:

(1)      "Trial counsel rendered ineffective assistance of counsel when refusing to file a timely notice of post-conviction relief per Kroncke's request in violation of the [D]ue [P]rocess [C]lause of the Fourteenth Amendment to the U.S. Constitution, and when advising Kroncke incorrectly that he waived his right to challenge the plea by entering the plea";

(2)      "Structural error resulted from the constructive denial of counsel when trial counsel failed to appear at the critical stage of trial of plea allocution resulting in a violation of the Due [P]rocess Clause of the Fourteenth Amendment to the U.S. Constitution";

(3)      "Ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment rights to due process and counsel was rendered when trial counsel refused to read any police reports, refused to familiarize himself with the basic facts of the case, refused to do any investigation at all, refused to contact any witness in the case, and refused to prepare a defense if Kroncke insisted on a trial";

(4)      "Ineffective [a]ssistance of trial counsel in violation of the Fourteenth and Sixth Amendments to the U.S. Constitution was rendered when trial counsel failed to read reports and insist that Kroncke's property was returned to him and to insist that the theft victim's stolen property was returned to the victim so that Kroncke would not be charged restitution for such property";

(5)      "Ineffective assistance of counsel in violation of the Fourteenth Amendment of the U.S. Constitution was rendered when trial counsel failed to give legal advice which cause[d] Kroncke to unknowingly enter an involuntary plea";

(6)      "Sixth and Fourteenth Amendment rights to due process and effective counsel were violated by trial counsel's false advice that theft is prove[n] by mere failure to inspect vehicle title or registration before contracting to work on such vehicle";

1  (7)    "The plea was involuntary due to mental incompetence and coer[c]ion, and

2  thus the plea was in violation of the Fourteenth Amendment Due Process Clause, and denial

3  of effective counsel";

4  (8)    "The cumulative errors of counsel as described in Grounds One-Seven above

5  deprived Kroncke of effective counsel and due process as guaranteed by the Sixth and

6  Fourteenth Amendments to the U.S. Constitution";

7  (9)    "The Trial Court Judge's attempt to murder Kroncke before the plea allocution

8  evidenced bias and deprived Kroncke of an impartial judge in violation of the [D]ue

9  [P]rocess [C]lause of the Fourteenth Amendment to the U.S. Constitution";

10  (10)   "The deprivation of court [a]ccess violated the First and Fourteenth

11  Amendments to the U.S. Constitution excusing any untimeliness";

12  (11)   "The state trial court lacked jurisdiction due to the state court findings of law

13  that Kroncke has no standing to invoke any constitutional rights in connection with this

14  criminal case against him, thus rendering all convictions void and in violation of all U.S.

15  constitutional rights which the state courts ruled Kroncke had no standing to invoke."

16  Petitioner alleges that the issues in all of his grounds have been presented to the

17  Arizona Supreme Court.

18  The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

19  **III.    Motion for Appointment of Counsel**

20  In his "Motion For Appointment Of Counsel; Motion To Order Counsel To

21  Communicate With Petitioner By Phone For Good Cause Shown" (Doc. #3), Petitioner asks

22  the Court to assign counsel to him and to order counsel to conduct all communication with

23  Kroncke by phone.

24  "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed

25  counsel unless the circumstances of a particular case indicate that appointed counsel is

26  necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th

27  Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970); Eskridge v. Rhay,

28  345 F.2d 778, 782 (9th Cir. 1965)).  However, the Court has discretion to appoint counsel

1   when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2).

2       Petitioner has not made the necessary showing for appointment of counsel at this time.

3   Accordingly, Petitioner's Motion will be denied.  If, at a later date, the Court determines that

4   an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c)

5   of the Rules Governing Section 2254 Proceedings.

6   **IV.   Warnings**

7       **A.   Address Changes**

8       Petitioner must file and serve a notice of a change of address in accordance with Rule

9   83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other

10  relief with a notice of change of address.  Failure to comply may result in dismissal of this

11  action.

12      **B.   Copies**

13      Petitioner must serve Respondents, or counsel if an appearance has been entered, a

14  copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

15  certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner

16  must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to

17  comply may result in the filing being stricken without further notice to Petitioner.

18      **C.   Possible Dismissal**

19      If Petitioner fails to timely comply with every provision of this Order, including these

20  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

21  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

22  comply with any order of the Court).

23  **IT IS ORDERED:**

24      (1)   Petitioner's Application to Proceed *In Forma Pauperis*, filed with the Petition,

25  is **granted**.

26      (2)   Petitioner's "Motion For Appointment Of Counsel; Motion To Order Counsel

27  To Communicate With Petitioner By Phone For Good Cause Shown" (Doc. #3) is **denied**.

28      (3)   The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order

on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4)     Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(5)     Petitioner **may file** a reply within 30 days from the date of service of the answer.

(6)     This matter is **referred** to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 6th day of December, 2007.

Mary H. Murgula
United States District Judge