IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT EARL KRONCKE,<br><br>    Petitioner,<br><br>v.<br><br>DORA SCHRIRO and<br>ARIZONA ATTORNEY GENERAL,<br><br>    Respondents. | CIV 07-01541 PHX MHM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE MARY H. MURGUIA:**

On August 8, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 8) on January 22, 2008. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. Petitioner filed a traverse to the answer to his habeas petition on February 20, 2008. See Docket No. 11. Petitioner also filed a pleading titled "Objections to denial of access to the Courts; Motion for order of temporary release and other relief" on that date. See Docket No. 10.

**I Procedural History**

In 1994 Petitioner was charged by indictment with three counts of theft, all classified as class 3 felonies, and one count of burglary in the third degree, classified as a class 5 felony. See Answer, Exh. A. The state alleged Petitioner had previously been convicted of a nondangerous felony. Id., Exh. B.

On June 14, 1996, Petitioner entered into a plea agreement which provided he would plead guilty to one count of theft, in exchange for which the state would dismiss the other four charges in the indictment and dismiss the allegation of a prior conviction. Id., Exh. C. The plea agreement stated Petitioner would be sentenced to the presumptive term of imprisonment pursuant to his guilty plea to the charge of theft. Id., Exh. C. The plea agreement also provided the term of imprisonment would be served concurrently with any sentence imposed in CR 94-90617,[1] and that Petitioner would pay restitution in the amount of $5,672.00. Id., Exh. C. The plea agreement further waived Petitioner's right to a direct appeal of his conviction or sentence. Id., Exh. C.

On June 14, 1996, Petitioner was sentenced to a term of five years imprisonment pursuant to his guilty plea and

---

[1] In CR 94-90617, Petitioner was convicted on May 7, 1996, on twenty charges comprised of sexual assault, sexual abuse, kidnapping, aggravated assault, attempted kidnapping, and child molestation, including some dangerous crimes against children. Answer, Exh. D. On June 14, 1996, the same date Petitioner signed the plea agreement involved in this habeas petition, Petitioner was sentenced in CR 94-90617 to a total of 326.5 years imprisonment. Id., Exh. E.

-2-

1  resulting conviction on one charge of theft. Id., Exh. F.
2  Petitioner was awarded credit for 698 days of presentence
3  incarceration and the sentence was imposed concurrently with the
4  sentence imposed in CR 94-90617. Id., Exh. F.
5        Petitioner filed a notice of post-conviction relief in
6  the Superior Court on April 29, 1998. Id., Exh. G. The action
7  for post-conviction relief was dismissed as not timely filed on
8  May 28, 1998. Id., Exh. H. Petitioner sought reconsideration
9  of this decision by the state court, asserting he had not been
10 of a "sound state of mind when entering said plea and remained
11 of unsound mind until well after the time for filing his Notice
12 had run out." Id., Exh. I. Petitioner also asserted he had not
13 been informed of nor aware of his right to seek any form of
14 post-conviction relief. Id., Exh. I.
15       The motion for reconsideration was denied on July 15,
16 1998. Id., Exh. J. The state court noted Petitioner had been
17 informed both orally, by the sentencing judge, and in writing,
18 of his rights to appellate review pursuant to Rule 32, Arizona
19 Rules of Criminal Procedure, after his conviction. Id., Exh. J.
20 The state court noted Petitioner had sought review of his other
21 criminal conviction. Id., Exh. J. Petitioner did not seek
22 review of the trial court's dismissal of his action for post-
23 conviction relief or the denial of his motion for
24 reconsideration by the Arizona Court of Appeals. Id. at 4.
25       Petitioner filed a second state action seeking post-
26 conviction relief in the Arizona Superior Court on January 18,
27 2006. Id., Exh. K. Petitioner asserted in that action that his
28

-3-

guilty plea was involuntary, that the trial judge was prejudiced, and that his trial counsel had been ineffective. Id., Exh. K.  The Arizona Superior Court dismissed the action on February 22, 2006, concluding the action was not timely filed and that Petitioner's claims were precluded as waived by his failure to raise them in a prior, timely action for post-conviction relief.  Id., Exh. L.  Petitioner sought reconsideration of this decision, which was denied on March 29, 2006.  Id., Exh. N.  Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on October 11, 2006.  Id., Exh. O.

In his action for federal habeas relief regarding his sentence for his conviction on one count of theft, Petitioner asserts his conviction must be vacated because: (1) he was denied his constitutional right to the effective assistance of trial counsel; (2) his guilty plea was involuntary due to his mental incompetence and because he was coerced; (3) the trial judge was biased against him; (4) he was deprived of his right to access the courts; (5) the trial court did not have jurisdiction to adjudicate Petitioner's guilt or innocence. See Petition (Docket No. 1).

**II Analysis**

**The petition is arguably moot**

The Court may "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of

-4-

1  the United States." 28 U.S.C. § 2254(a) (1994 & Supp. 2007)
2  (emphasis added). The case-or-controversy requirement of
3  Article III, § 2, of the United States Constitution "subsists
4  through all stages of federal judicial proceedings ... The
5  parties must continue to have a personal stake in the outcome of
6  the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472,
7  477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations
8  omitted). Accordingly, if it appears that the Court is without
9  the power to grant the relief requested by a habeas petitioner,
10 then that case is moot. See Spencer v. Kemna, 523 U.S. 1, 7,
11 118 S. Ct. 978, 982 (1998) (stating a habeas petition is moot
12 upon the petitioner's release from custody unless "some concrete
13 and continuing injury" or "collateral consequence" of the
14 challenged decision exists); Picrin-Peron v. Rison, 930 F.2d
15 773, 775 (9th Cir. 1991).

16        Petitioner acknowledges that he has served the five-
17 year prison sentence imposed in the challenged conviction. See
18 Docket No. 11. Petitioner states he is "currently serving 'hard
19 labor' slave servitude in the state prison to pay off the
20 $5,672.00 restitution [] portion of the sentence." Id.
21 (emphasis in original).

22        The Court concludes that, because Petitioner has
23 finished serving the prison sentence imposed in the conviction
24 he challenges, the petition is arguably moot because Petitioner
25 is not, despite his allegations, being held in custody pursuant
26 to the challenged conviction. Ordinarily, the imposition of
27 restitution or a "fine only" does not constitute "custody" for

-5-

purposes of federal habeas jurisdiction. See, e.g., Maleng v. Cook, 490 U.S. 488, 491-92, 109 S. Ct. 1923, 1925-26 (1989) (holding that, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack); Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003). However, to the extent that the requirement of restitution prevents Petitioner from serving his prison time "as he pleases," i.e., without having to work to earn money to pay the restitution, Petitioner is arguably in custody because he is suffering a greater restraint on his liberty than he would otherwise. See, e.g., Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351-53, 93 S. Ct. 1571, 1574-76 (1973); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 160-61 (3d Cir. 1997).

**The petition is barred by the statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or

claim." 28 U.S.C. § 2244(d)(2)(1994 & Supp. 2007); <u>Artuz v. Bennet</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Petitioner was convicted and sentenced pursuant to his guilty plea on June 14, 1996. Petitioner waived his right to a direct appeal. <u>See</u> Ariz. R. Crim. P. 17.1(e) & 27.8(e); Ariz. Rev. Stat. Ann. § 13-4033(B). The statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." <u>Summers v. Schriro</u>, 481 F.3d 710, 711 (9th Cir. 2007). Petitioner had ninety days from the date of his conviction and sentence, until September 11, 1996, to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. <u>See</u> Ariz. R. Crim P. 32.1 & 32.4(a). Accordingly, the statute of limitations regarding Petitioner's federal habeas action began to run on September 12, 1996, and expired on September 11, 1997, unless it was tolled by a properly filed state action for post-conviction relief.

Petitioner did not file his federal habeas petition on or prior to September 11, 1997. Petitioner did not file any state action for post-conviction relief during that time period which would have tolled the applicable statute of limitations. Petitioner's filing of an untimely action for state post-conviction relief on April 29, 1998, did not restart the already-expired statute of limitations. <u>See</u>, <u>e.g.</u>, <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003). A state-court petition that is filed after the expiration of the statute of

-7-

1  limitations under the AEDPA does not revive the running of the
2  limitations period.  See id.; Jiminez v. Rice, 276 F.3d 478, 482
3  (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th
4  Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir.
5  2001).  Additionally, the untimely-filed petition did not toll
6  the statute of limitations because a state petition that is not
7  filed within the state's required time limit is not "properly
8  filed."  Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct.
9  1807, 1811-12 (2005).

10         Even allowing the most generous construction
11  conceivable, Petitioner did not have any action for post-
12  conviction relief pending in the Arizona state courts for at
13  least six years, five years beyond the applicable statute of
14  limitations on his federal habeas petition, from at least 1999
15  through January 18, 2006, when he filed his second state action
16  seeking post-conviction relief in the Arizona Superior Court.

17         In response to the answer to his habeas petition,
18  Petitioner states he filed a timely petition for review of the
19  Arizona Court of Appeals' decision filed October 11, 2006.  See
20  Docket No. 11.  Petitioner also contends he exhausted his state
21  remedies on February 21, 2007.  Id.  Petitioner contends his
22  "petition was timely filed within 1-year of the removal of the
23  state impediment to filing an application for relief and
24  exhaustion of state court remedies once the state-created
25  impediment was removed."  Id. at 1-2.  Petitioner contends that
26  a state-created impediment to the timely filing of his petition
27  was "first removed on January 2, 2006 when Kroncke first

-8-

discovered the factual predicates to the claims presented." Id. at 2.  Petitioner asserts he only learned in 2006 that he could attack his plea "contrary to <u>false</u> advice of court appointed trial counsel" Id. at 2.  Accordingly, Petitioner argues, his petition is timely filed because the statute of limitations did not begin to run until after January 2, 2006.  See id. Petitioner asserts that ineffective assistance of counsel prevented him from timely challenging his conviction. Id. at 6. Petitioner alleges that his counsel's ineffectiveness was a state-created impediment to his timely filing of his state action of post-conviction relief.  Id.  Petitioner further declares that "mental incompetence and no access to the court impeded Kroncke from discovering and litigating the claims earlier." Id. at 8.  Petitioner also asserts that the statute of limitations should be tolled while he exhausts his state remedies regarding his habeas claims.  Id. at 9-10. Additionally, Petitioner maintains that, although the "5-year prison term part of the sentence has ended, Kroncke is <u>currently</u> serving the 'hard labor' slave servitude portion of the sentence in state prison until the $5,672.00 restitution portion of the sentence in <u>this</u> case is paid off via such slave servitude." Id. at 10.  Petitioner further contends that if he is "ever released, such as if his other convictions are invalidated ... [Petitioner] will suffer extreme collateral consequences in this current case such as the loss of the right to vote..." Id. at 11.  Petitioner also states his federal habeas claims were raised "in the state proceedings filed on Jan. 18, 2006 ..."

-9-

Id.

The undersigned has previously reasoned that section 2254 habeas applicants are no longer entitled to consideration of the merits of their untimely petitions based on the doctrine that the statute of limitations could be equitably tolled. The Supreme Court recently concluded section 2254 petitioners are not entitled to equitable tolling of the AEDPA's statute of limitations because this does not comport with the plain meaning of the statute. See Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007) (holding that "time limits enacted by Congress" are "jurisdictional" and rejecting the argument that the federal courts could craft an "equitable" exception to the jurisdictional requirement).[2] But see Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that section 2244(d) provides for equitable tolling).

However, were the Court to conclude the law might provide for the equitable tolling of the statute of limitations, Petitioner is still not entitled to the benefit of this doctrine. Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas

---

[2] This holding does not affect a petitioner's ability to raise claims involving a change in the law made retroactive to cases on collateral review by the United States Supreme Court or claims involving newly-discovered evidence of innocence. See 28 U.S.C. § 2244(b)(2) (2004 & Supp. 2007). Absent those circumstances, which are not present here, the strict application of the jurisdictional deadline is appropriate in a collateral proceeding and is now established Supreme Court precedent. See Bowles, 127 S. Ct. at 2365-66.

-10-

1  petition, or that any state action was the "but for" cause for
2  his failure to timely file his federal habeas action. See Brown
3  v. Barrow, 512 F.3d 1304, 1306-07 (11th Cir. 2008) (holding the
4  petitioner has a strong burden to plead specific facts
5  supporting their claim of extraordinary circumstances). See
6  also Pace, 544 U.S. at 419, 125 S. Ct. at 1815 (concluding that
7  the petitioner was not entitled to equitable tolling because he
8  was not misled or confused about the exhaustion of his state
9  remedies and filing his federal habeas petition); Shannon v.
10 Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases
11 in which equitable tolling has been applied have involved
12 wrongful conduct, either by state officials or, occasionally, by
13 the petitioner's counsel."). Compare Sanchez v. Cambra, 137
14 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct.
15 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir.
16 2005).

17         A petitioner's *pro se* status, ignorance of the law, and
18 lack of representation during the applicable filing period do
19 not constitute extraordinary circumstances justifying equitable
20 tolling because such circumstances are not "extraordinary."
21 See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
22 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004);
23 Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999).
24 Petitioner has not stated a legitimate ground for equitable
25 tolling, i.e., an uncontrollable factor which was the "but for"
26 cause of his failure to timely file his federal habeas action.
27 Green v. Hinsley, 116 Fed. App. 749, 751 (7th Cir. 2004)

-11-

(finding that equitable tolling was not available because the petitioner failed to submit evidence of how his low IQ rendered him incompetent or prevented him from timely filing his petition); Fisher, 262 F.3d at 1145 (finding that the petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the entire limitations period).

### III   Conclusion

Petitioner's petition for a writ of habeas corpus is, arguably, moot, because Petitioner is no longer "in custody" pursuant to the conviction challenged in the petition. Additionally, the petition is barred by the statute of limitations applicable to it pursuant to the AEDPA. Even allowing for the most generous construction of the applicable statute of limitations, more than 365 days of un-tolled time passed after the date Petitioner's conviction became final and the date he filed his federal habeas petition. Pursuant to a recent United States Supreme Court opinion, Petitioner is not entitled to equitable tolling of the applicable statute of limitations as a matter of federal statutory law.

**IT IS THEREFORE RECOMMENDED** that Mr. Kroncke's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

-12-

Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 26th day of February, 2008.

_____
Mark E. Aspey
United States Magistrate Judge