**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Earl Kroncke, ) | No. CIV 07-01541-PHX-MHM (MEA) |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Dora Schriro and Arizona Attorney ) General, ) | |
| ) | |
| Respondents. ) | |

On August 8, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. # 1). The matter was referred to United States Magistrate Judge Mark E. Aspey, who issued a Report and Recommendation recommending that the Court dismiss this matter with prejudice (Dkt. # 12). Plaintiff has filed (1) a written Objection to the Report and Recommendation (Dkt. # 14) and (2) an Affidavit and Motion for disqualification (Dkt. # 15).

**STANDARD OF REVIEW**

The Court reviews the legal analysis in the Report and Recommendation *de novo* and the factual analysis *de novo* for those facts to which objections are filed, and for clear error for those facts to which no objections are filed. See 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

## PROCEDURAL HISTORY

In 1994, Petitioner was charged with three counts of theft and one count of burglary in the third degree. The State alleged Petitioner had previously been convicted of a nondangerous felony. (Dkt. #8).

Petitioner entered into a plea agreement on June 14, 1996, which provided that he would plead guilty to one count of theft in exchange for a dismissal of the other four counts in the indictment and the allegation of a prior conviction. (Dkt. #8). Under the plea agreement Petitioner would be sentenced to the presumptive term on the charge of theft. The plea agreement also provided that the term of imprisonment would be served concurrently with any sentence imposed in CR 94-90617,[1] and Petitioner would pay restitution in the amount of $5,672.00. The Plea agreement waived Petitioner's right of appeal. (Dkt. #8). Accordingly, Petitioner was sentenced to a term of five years imprisonment. Petitioner was awarded credit for 698 days of presentence incarceration and the sentence was imposed concurrently with the sentence imposed in CR 94-90617. (Dkt. #8).

Petitioner had ninety days, which would expire on September 11, 1996, to file an "of-right" petition for post-conviction relief ("PCR") under Rule 32 of the Arizona Rules of Criminal Procedure. See Ariz. R. Crim P. 32.1 & 32.4(a). However, Petitioner only filed a notice of PCR in the Arizona Superior Court on April 29, 1998. The court dismissed the action for PCR as untimely on May 28, 1998. (Dkt. #8). Petitioner sought reconsideration of this decision, asserting he had not been of "a sound state of mind when entering said plea and remained of unsound mind until well after the time for filing his notice had run out." (Dkt. #8). Petitioner also claimed he had not been informed, nor was he aware, of his right to seek any form of PCR. (Dkt. #8).

---

[1] On May 7, 1996, Petitioner was convicted of twenty charges of sexual assault, sexual abuse, kidnaping, aggravated assault, attempted kidnaping, and child molestation. (Answer, Exhibit D).

- 2 -

On July 15, 1998, the state court denied Petitioner's motion for reconsideration, noting Petitioner had been informed both orally and in writing, of his rights pursuant to Rule 32. Petitioner did not seek appellate review of the trial court's dismissal of his action or the denial of his motion for reconsideration by the Arizona Court of Appeals. (Dkt. #8).

Then, on January 18, 2006, Petitioner filed a second state action seeking PCR. (Dkt. #8). The Arizona Superior Court dismissed this new action on February 22, 2006, finding it untimely. Petitioner sought reconsideration of this decision, which was denied on March 29, 2006. Petitioner then sought review of the dismissal by the Arizona Court of Appeals, which ultimately upheld the lower court determination. (Dkt. #8).

On August 8, 2007, Petitioner filed the instant action for federal habeas relief. (Dkt. #1). Petitioner asserts he is entitled to habeas relief because: (1) he was denied his constitutional right to the effective assistance of trial counsel; (2) his guilty plea was involuntary due to mental incompetence and because he was coerced; (3) the trial judge was biased against him; (4) he was deprived of his right to access the courts; and (5) the trial court did not have jurisdiction to adjudicate Petitioner's guilt or innocence. (Dkt. #1). Furthermore, on March 21, 2008, Petitioner filed a Motion to Disqualify this Court. (Dkt. #15).

## DISCUSSION

### I. Mootness of Petition

The Magistrate Judge is his Report and Recommendation, states that the petition is "arguably moot," because Petitioner has already served the sentence on the conviction he is challenging in his current habeas petition. (Dkt. #12, 8). Petitioner disagrees, arguing that he is currently "in custody" within the meaning of 28 U.S.C. § 2254(a). Petitioner recognizes that he has already served the five-year prison sentence imposed in the challenged conviction. (Dkt. #11). However, Petitioner states he is "<u>currently</u> serving 'hard labor' slave servitude in the state prison to pay off the $5,672.00 restitution [] portion of the sentence." (*Id.*) (Emphasis in original). As such, Petitioner defines himself as in custody.

The relevant authority is as follows. The Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (1994 & Supp. 2007) (emphasis added). Under Article III of the United States Constitution, the federal judiciary is authorized to hear only actual, ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

As such, an incarcerated petitioner's challenge to the validity of his conviction satisfies the case-or-controversy requirement when the incarceration constitutes a concrete injury caused by the conviction, which is redressable by invalidation of conviction. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, the case is moot. Spencer, 523 U.S. at 7 (stating a habeas petition is moot upon the petitioner's release from custody unless "some concrete and continuing injury" or "collateral consequence" of the challenged decision exists). It is well-established that once a sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not always sufficient to render an individual "in custody" for the purposes of a habeas attack. See Maleng v. Cook, 490 U.S. 488, 491-92 (1989).

The meaning of "in custody" has been broadened so that it is no longer limited in the 2254(a) context to physical custody alone, but also applies where individuals are subject to both a "significant restraint on liberty. . .which were not shared by the public generally," along with "some type of continuing governmental supervision." Obado v. New Jersey, 328 F.3d 718 (3d Cir. 2003). Thus, a petitioner may be held "in custody" "for purposes of the statute [when he is] subject to restraints not shared by the public generally" or because of "an obligation to appear at all times and places as ordered by. . . [the] competent jurisdiction." Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351-53 (1973); Barry v. Bergen County Probation Department, 128 F.3d 152, 160-61 (3d Cir. 1997).

- 4 -

1    Ordinarily, the imposition of restitution or a fine does not by itself constitute "custody"
2 for purposes of federal habeas jurisdiction. Maleng, 490 U.S. at 491-92; Dremann v. Francis,
3 828 F.2d 6 (9th Cir. 1987); Obado v. New Jersey, 328 F.3d 718 (3d Cir. 2003). The Ninth
4 Circuit concluded that while every criminal fine raises the possibility of confinement if not
5 paid, such potential confinement is considered too speculative to warrant federal habeas
6 protection. Edmunds v. Won Bae Chang, 509 F.2d 41 (9th Cir. 1975).

7    The question presented for this decision is a narrow one: namely, whether the fact that
8 Petitioner works in the state prison to pay off the restitution portion of his challenged
9 conviction satisfies the "in custody" requirement of the habeas corpus statute. Essentially,
10 it must be determined if payment of restitution, by way of state prison labor, imposes a
11 significant enough restraint on individual liberty to meet the custody requirement of the
12 habeas statute.

13    In the instant case, the Magistrate Judge asserted that Petitioner may not "come and go
14 as he pleases" and "his freedom of movement rests in the hands of state judicial officers"
15 while paying off his restitution. Thus, according to Petitioner, he is arguably in custody
16 because he suffers a greater restraint on his liberty than would otherwise be suffered by the
17 public at large. Hensley, 411 U.S. at 351-53; Barry, 128 F.3d at 160-61. After reviewing the
18 cases, none of which concern restitution, this court does not find the argument or evidence
19 presented compelling enough to find Petitioner in custody under the meaning of the federal
20 habeas statute.

21    While case law demonstrates that restraints other than incarceration may satisfy the
22 custody requirement, these cases do not apply to Petitioner's situation. Hensley v. Municipal
23 Court, San Jose Milpitas Judicial Dist concerned a petitioner who was sentenced to serve one
24 year in jail and pay a fine. 411 U.S. at 351-53. In Hensley, however, the petitioner was
25 released on his own recognizance after having been granted a stay of execution on his
26 sentence. Significantly, unlike the present case, the challenged conviction had not yet
27 expired. In Hensley, the petitioner's incarceration was not a speculative possibility that would

1 have depended on contingencies over which he had no control.  <u>Hensley</u>, 411 U.S. at 351-53;
2 <u>Edmunds</u>, 509 F.2d at 41.

3       The second case, <u>Barry v. Bergen County Probation Department</u>, did not concern a
4 payment of restitution, but performance of community service.  128 F.3d at 160-61.
5 Essentially, the sentence of the challenged conviction required petitioner to be in certain
6 places at certain times, which subjected him to restraints not shared by the public generally.
7 <u>Barry</u>, 128 F.3d at 160-61.  <u>Barry</u> is distinguished from the present case because the
8 ***challenged conviction*** placed restraints on the petitioner sufficient enough to satisfy the
9 custody requirement.  Here, Petitioner's current restraint does not emanate from the
10 challenged conviction.  In fact, the challenged conviction no longer subjects Petitioner to
11 restraints on his liberty.  Although Petitioner is now serving a 326.5 year sentence for 20
12 convictions arising out of Maricopa County Superior Court case number CR 94-90617,
13 Petitioner's 5 year prison sentence arising out of the challenged conviction expired on July
14 16, 1999.[2]  (Dkt. #8, Exhibit P).  Thus, if Petitioner had not been convicted on separate
15 crimes, then he would have been released and merely required to pay off the restitution
16 portion of his sentence on his own time.  <u>Maleng</u>, 490 U.S. at 491-92.

17       Essentially, Petitioner's individual liberty is currently restrained more than the public
18 in that he may not "go and come as he pleases," because he is serving time for other unrelated
19 convictions.  The Court does not agree with Petitioner that his current prison labor to pay off
20 the restitution is an additional punishment under the challenged conviction.  (Dkt. #14).
21 Furthermore, there is nothing in the record to indicate that additional conditions or restraints
22 would have been imposed on Petitioner had he been released in 1999, which further indicates
23 that any current restraint does not relate to the challenged conviction.

24       Because Petitioner is not being held "in custody" pursuant to the challenged
25 conviction, this Court finds that the current petition is moot, and must therefore be denied.

---

27       [2]According to the Arizona Department of Corrections' inmate information sheet.

- 6 -

Having determined that the petition is moot, the Court finds it unnecessary to address Petitioner's remaining claims.

**II. Motion to Disqualify**

A judge shall will disqualify itself when their impartiality might reasonably be questioned or the judge has a personal bias or prejudice against a litigant. 28 U.S.C. § 455(a)-(b); 28 U.S.C. § 144. After reviewing the record, this Court finds disqualification inappropriate.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation in its entirety as the Order of the Court (Dkt. #12).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied as moot and dismissed with prejudice (Dkt. #1).

**IT IS FURTHER ORDERED** overruling Petitioner's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. #14).

**IT IS FURTHER ORDERED** that Petitioner's Affidavit and Motion for Disqualification is inappropriate (Dkt. #15).

DATED this 24th day of November, 2008.

_____
Mary H. Murguia
United States District Judge

- 7 -